UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHOD COSTON; DERRICK HARRIS,

                Plaintiffs,

-against-

ONONDAGA COUNTY JUSTICE CENTER, *et al.*,

                Defendants.

19-CV-10221 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

      By order dated November 5, 2019, the Court issued an order transferring this action to the United States District Court for the Northern District of New York because their claims arose in Onondaga County, which is in the Northern District of New York. *See* 28 U.S.C. § 112. On November 12, 2019, the Clerk's Office transferred the action. On November 20, 2019, the Court received Plaintiffs' undated objection to the transfer. (ECF No. 6.) Because this Court no longer has jurisdiction over the action, Plaintiff must make any motion challenging the order to transfer in the Northern District of New York.

## DISCUSSION

      The transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court only retains jurisdiction over the action if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995). Where an action is "hastily" transferred to a district court outside of the circuit, depriving a "diligent petitioner" from seeking mandamus in the circuit of the transferor court, the Court of Appeals retains jurisdiction to "order a district court in this circuit to request the

transferee court to return the case." *Id.* Otherwise, once a case has been transferred to another district, a party opposing the transfer must seek reconsideration in the transferee court. *See, e.g., Northwest Airlines Corp. v. City of Los Angeles*, Nos. 05-CV-17930 (ALG), 07-CV-2677 (RWS), 2008 WL 4755377, at *4 (S.D.N.Y. Oct. 28, 2008).

Under this Court's Local Civil Rule 83.1, "[i]n a case ordered transferred from this District, the Clerk, unless otherwise ordered, shall upon the expiration of seven (7) days effectuate the transfer of the case to the transferee court." The purpose of this seven-day delay is "to allow the party opposing transfer . . . to seek rehearing or appellate review." *Id.*

The Court issued its order on November 5, 2019, and seven days later, the Clerk of Court transferred the action. Only after the Clerk transferred the matter to the Northern District of New York did the Court receive Plaintiffs' objection. But at that point, the Court no longer retained jurisdiction over the action. Accordingly, Plaintiff must move in the Northern District of New York should he seek to challenge the transfer. The Court therefore denies Plaintiffs' objection to the Court's transfer order.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiffs' objection to the Court's transfer order (ECF No. 6) without prejudice to their filing the objection in the Northern District of New York.

SO ORDERED.

Dated: December 4, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge